SMITH, Justice:
Llewyn J. “Ben” Cowart was convicted of murder in the Circuit Court of Marion County. The jury fixed his punishment at death and, accordingly, he was so sentenced. From that conviction and sentence he has appealed here.
A great deal of appellant’s brief is devoted to an attack upon the death penalty as falling within that category of cruel and unusual punishments prohibited by the United States and Mississippi Constitutions. This Court has rejected that contention in Peterson v. State of Mississippi, 268 So.2d 335 (decision rendered June 19, 1972). However, the decision of the United States Supreme Court, in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L. Ed.2d 346 (1972), prevents imposition of the death penalty upon one convicted of murder under the Mississippi statute as now written.
Almost the entire remaining portion of Cowart’s brief is to the effect that, it is argued, since Cowart was the only eyewitness and his version of the homicide is reasonable, not contradicted by any other testimony or by physical facts, and is not inconsistent with facts of common knowledge, he was entitled to be discharged un *351 der the principle announced in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933).
To understand the point raised a brief statement of the essential circumstances in evidence must be given.
Admittedly, the victim of the homicide was a bootlegger, keeping for sale and selling intoxicating liquor in a dry county. His place of business was his home. There is no indication of any previous difficulty or animosity or even of an association or connection of any kind between Cowart and the deceased prior to the day of homicide.
On that day, Cowart had twice previously gone to the deceased’s home to buy beer. The first time deceased was not there. The second time, he obtained two cans from persons who had already bought. On Cowart’s third visit the homicide occurred. There is some indication that on this latter occasion Cowart was under the influence of intoxicants. In any event, he was armed with a loaded pistol. According to Cowart’s testimony, and his was the only testimony available on the point, there was a sudden flare-up of temper on the part of the bootlegger over a trivial disagreement as to who would get the beer from the refrigerator. Again, according to Cowart, when he, Cowart, returned a facetious answer, the bootlegger took up his pistol and tried to shoot Cowart, but Cowart was able to strike up his arm as he fired and the bullet buried itself in the wall. As this was happening, Cowart drew his own weapon and shot the victim twice, killing him.
There is some evidence which tended to show flight or rather a hiding out on the part of Cowart following the homicide. This is explained by Cowart as having been the result of a fear on his part of reprisals or mob violence. Much of the force of this evidence is lost because of other evidence that Cowart sought to be lawfully arrested by the officers in order that he might not fall into the hands of parties bent on vengeance. The overall situation disclosed by the record lends some support to the view that Cowart’s fear was not wholly unreasonable. Ross v. State, 185 Miss. 438, 188 So. 295 (1939). The investigating sheriff testified at length. It is clear that this officer made a careful examination of the scene and of the body. He testified as to measurements made by him and the position of the bullet in the wall which had been fired by the deceased. Apparently this testimony was offered as a contradiction to Cowart’s version of the homicide. However, we are unable to say that this testimony is necessarily inconsistent in any material particular with that of Cowart, or that it constitutes a contradiction of his version of how the shooting occurred.
A brother of the deceased also gave evidence. This obviously was directed to the proposition that Cowart had killed the deceased in order to rob him, the witness saying that the deceased’s wallet, in which he kept his money, was missing. But testimony of the sheriff showed that the wallet was found on the bed with the money in it and had not been stolen.
As already noted, the case was close as to whether Cowart was entitled to be discharged under the rule in Weathersby. According to Cowart’s own testimony, the homicide was committed in necessary self-defense in a sudden and unprovoked affray.
An instruction was requested, and refused, limiting the jury to a consideration of Cowart’s guilt of manslaughter. In Taylor v. State, 188 Miss. 166, 194 So. 589 (1940) the Court stated the following rule:
Where evidence would support conviction of manslaughter but did not support conviction of murder, refusal of defendant’s request for an instruction limiting his conviction to manslaughter was error.
*352 However, considering all of the circumstances in evidence here, including, but ■ not limited to, the fact that Cowart went to the deceased’s home armed with a loaded pistol; that he was under the influence of intoxicants; that he shot the deceased, who was a cripple, twice, force us to the conclusion that evidence was sufficient to create a question of fact for the jury.
The conviction will be affirmed. The case is remanded, however, in view of Furman v. Georgia, supra, in order that the appellant may be resentenced.
Conviction affirmed, reversed and remanded as to punishment.
All Justices concur, except BROOM, J., who took no part.