## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-DR-01328-SCT

*HOWARD MONTEVILLE NEAL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/4/1982 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES W. CRAIG |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MARVIN L. WHITE, JR. |
| DISTRICT ATTORNEY: | PHILLIP SINGLEY |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | SUCCESSIVE APPLICATION FOR LEAVE TO SEEK POST-CONVICTION RELIEF GRANTED IN PART AND DENIED IN PART - 05/20/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Howard Monteville Neal (Neal) was convicted and sentenced to death on February 2, 1982, for the kidnaping and murder of Amanda Joy Neal. Following years of appeals and post-conviction relief pleadings, Neal now brings this successive application for leave to file a motion for post-conviction relief in the trial court on the issue of his mental retardation.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On the night of January 24, 1981, Neal went to the farm of his half-brother, Bobby Neal, where

Bobby and his daughter, Amanda Joy Neal, and a cousin, Melanie Sue Polk, were at home. Neal took

the three away from the house in his car. At some point, he stopped and took Bobby into the woods and

shot him. He then drove to a different location and had sexual relations with Amanda Joy and attempted

to have sexual relations with Melanie Sue. He then shot both girls and left them in the woods. Ten days

later a fisherman found the bodies of the two girls. Neal was convicted and sentenced. On direct appeal,

this Court affirmed his conviction and sentence. *Neal v. State*, 451 So.2d 743 (Miss. 1984). Neal filed

a petition for writ of certiorari with the U.S. Supreme Court, and that petition was denied. *Neal v.*

*Mississippi*, 469 U.S. 1098, 105 S.Ct. 607, 83 L.Ed.2d 716 (1984). In March of 1985, Neal filed

an application for leave to file motion to vacate or set aside judgment and sentence. In his post-conviction

relief pleadings, he raised ineffective assistance of counsel and issues of violation of due process, right to

testify in his own defense, and disproportionate and excessive sentence. In September of 1987, this Court

granted Neal an evidentiary hearing solely on the question of whether he had been denied the right to testify

by his trial counsel. *Neal v. State*, 525 So.2d 1279 (Miss. 1987). On March 30, 1992, the trial court

conducted the evidentiary hearing and in May of 1992, the trial court entered an order finding that there

had been no change in Neal's mental condition since the commission of the crime and that he had not been

denied his right to testify in his own behalf at his capital murder trial.

¶3.     Neal again appealed to this Court, and on August 8, 1996, this Court affirmed the denial of relief.

A petition for rehearing was denied on November 14, 1996. *Neal v. State*, 687 So.2d 1180 (Miss.

1996). Neal did not seek certiorari review from this decision.

¶4.     On July 7, 1997, Neal filed a petition for a writ of habeas corpus in the U.S. District Court for the

Southern District of Mississippi requesting relief from the conviction and sentence, and in January 1999,

the district court denied relief as to all claims. Immediately thereafter, Neal filed a motion to alter or amend judgment with the district court, which was denied on June 16, 1999. On July 15, 1999, Neal filed his notice of appeal from that denial, but he did not accompany the notice of appeal with a request for a certificate of appealability. When the State responded, Neal filed a skeletal motion for certificate of appealability but the district court denied certification, finding that "[t]he petitioner has not made a substantial showing of the denial of a constitutional right."

¶5.    On December 13, 1999, Neal filed a motion for certificate of appealability with the Fifth Circuit. On May 2, 2000, the Fifth Circuit granted the certificate of appealability limited to the question of whether Neal's trial counsel was ineffective for failing to investigate and present evidence of mitigating circumstances. On January 18, 2001, the Fifth Circuit affirmed the denial of habeas corpus relief. *Neal v. Puckett*, 239 F.3d 683 (5th Cir. 2001). On September 5, 2001, the Fifth Circuit granted rehearing en banc, and on March 15, 2002, the en banc Fifth Circuit affirmed the denial of habeas relief. *Neal v. Puckett*, 286 F.3d 230 (5th Cir. 2002) (en banc). Neal then again sought relief from the U.S. Supreme Court by filing a petition for writ of certiorari and on January 13, 2003, that petition was denied. *Neal v. Epps*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003).

¶6.    Neal now brings this successive application for leave to file a motion for post-conviction relief based on the decision in *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).

## ANALYSIS

¶7.    Neal asserts that his claim is procedurally viable because his successive petition is based on the intervening U.S. Supreme Court opinion in *Atkins*. Neal argues that his death sentence should be vacated because he meets all three of the criteria used in all tests for mental retardation cited by the U.S. Supreme Court in *Atkins* and this Court in *Foster v. State*, 848 So.2d 172 (Miss. 2003), and that he cannot be

3

sentenced to death consistent with the Eighth Amendment. Neal also argues that any evidentiary hearing held on this claim should be tried to a jury, pursuant to *Ring v. Arizona*, 536 U.S. 84, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

¶8. Testimony at trial by Neal's expert indicated that Neal's IQ was 54; the State's experts testified that on their tests, his IQ was assessed at 60. Although Neal raised on direct appeal the issue that the Eighth Amendment barred the execution of the mentally retarded, this Court rejected that argument. Subsequently, *Atkins* was decided by the United States Supreme Court, and Neal has renewed his Eighth Amendment argument.

¶9. The record reveals that as early as ten years of age, Neal was declared to be mentally retarded by the Lawrence County Youth Court. Subsequent tests at the Ellisville State School (at age 12) and Mississippi State Hospital at Whitfield (at age 15) show that Neal was diagnosed as mentally retarded. The record also contains affidavits from family members, teachers, and employees at state institutions testifying to Neal's lack of adaptive functioning. This is not, however, sufficient evidence of mental retardation to require vacation of the death penalty under the new standards and procedures we adopt today. Although the State does not contest the fact that *Atkins* is an intervening decision, and concedes that Neal has presented a colorable claim of retardation under the definition in *Atkins*, that is also insufficient.

¶10. We conclude that *Atkins* and the new standards set forth today in *Chase v. State*, No. 2003-DR-01355-SCT (Miss. 2004), require Neal be granted leave to present the issue of his mental retardation to the trial court. There he, as well as the State, shall be afforded the opportunity to put on evidence in the manner set forth in *Chase*. The trial court shall then make the determination, by a preponderance of evidence, whether Neal is mentally retarded for Eighth Amendment purposes.

¶11.     As to the issue raised by Neal regarding the application of *Ring* to the determination of his mental retardation, we find no merit. *See **Russell v. State***, 849 So.2d 95, 147-48 (Miss. 2003). Neal's claim will be heard and determined by the trial court, not a jury.

## CONCLUSION

¶12.     Neal's successive application for leave to proceed in the trial court on his motion to vacate death sentence is granted only as to the issue of mental retardation, to be considered pursuant to ***Atkins*** and the standards set forth today in our decision in ***Chase v. State***. Neal's application is denied in all other respects.

¶13.     **SUCCESSIVE APPLICATION FOR LEAVE TO SEEK POST-CONVICTION RELIEF, GRANTED IN PART AND DENIED IN PART.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**