# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-DR-01325-SCT

*SHERWOOD BROWN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/1995 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELIZABETH JANE HICKS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MARVIN L. WHITE, JR. |
| DISTRICT ATTORNEY: | ROBERT L. WILLIAMS |
| NATURE OF THE CASE: | CRIMINAL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | LEAVE TO SEEK POST-CONVICTION RELIEF GRANTED - 06/17/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC

### DICKINSON, JUSTICE, FOR THE COURT:

¶1.     Sherwood Brown was convicted of two counts of murder and one count of capital murder for the 1993 murders of Evangela Boyd, Verline Boyd and Betty Boyd. *See Brown v. State*, 690 So.2d 276 (Miss. 1996). His conviction was upheld by this Court on direct appeal.[1] *See id*. Brown's subsequent

---

[1] Brown's petition for writ of certiorari before the United States Supreme Court was denied (*Brown v. Mississippi*, 522 U.S. 849, 118 S. Ct. 136, 139 L. Ed. 2d. 85 (1997)) as was his motion for rehearing on the matter (*Brown v. Mississippi*, 522 U.S. 1009, 118 S. Ct. 591, 139 L.Ed. 2d. 427 (1997)). According to his petition before this Court, Brown's petition for habeas corpus relief was filed in the United States District Court for the Northern District of Mississippi and at the time of his filing before this Court, was still pending. *See Brown v. Puckett,* No.3:0iCV197-D, 2003 WL 21018627 (N.D. Miss. 2003).

post-conviction relief request was denied. *See* **Brown v. State**, 798 So.2d 481 (Miss. 2001). Brown now files a successive application for leave to seek post-conviction relief.

## DISCUSSION

¶2. Brown's single claim in his application is that he is mentally retarded and, therefore, exempt from execution based on **Atkins v. Virginia**, 536 U.S. 304, 122 S. Ct. 2242, 153 L.Ed. 2d 335 (2002). Since *Atkins* was not decided until 2002, it constitutes an "intervening decision" of the United States Supreme Court, saving Brown's petition before this Court from being procedurally barred. Miss. Code Ann. § 99-39-5 (2). *See also* **Foster v. State**, 848 So.2d 172 (Miss. 2003).

¶3. Our recent opinion in **Chase v. State,** 2004 WL 1118688 (Miss. 2004), controls the analysis of the case sub judice and dictates that Brown be allowed to file his petition. On a post-conviction request for an *Atkins* determination, where the trial took place prior to the *Atkins* decision, the movant must present to this Court an affidavit from an expert who opines to a reasonable degree of probability/certainty that the defendant has an IQ of 75 or below and that, in the expert's opinion, there is a reasonable basis to believe that the defendant will be found mentally retarded.

¶4. Brown has provided an affidavit from Dr. Marsha Little, who testifies that upon recollection that Brown has an IQ in the lower 70's. In addition, she testifies that Brown was mentally retarded at the time of the crime and further testing would support her conclusion.

¶5. Therefore, based on *Atkins* and our recent decision in *Chase*, we grant Brown leave to file a motion to vacate death sentence in the DeSoto County Circuit Court.

¶6. **LEAVE TO SEEK POST-CONVICTION RELIEF, GRANTED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**