# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-KA-01938-SCT

*RONALD CHRIS FOSTER*
*a/k/a RON CHRIS FOSTER*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 09/02/2005 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL R. FARROW |
| | STEVE WALLACE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/31/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     We vacated the death sentence of Ronald Chris Foster pursuant to the United States Supreme Court's decision in ***Roper v. Simmons***, and directed the Circuit Court of Lowndes County to resentence Foster to life in prison without the possibility of parole under Miss. Code Ann. § 99-19-107 (Rev. 2000). The circuit court complied with that directive. On appeal, Foster challenges the applicability of section 99-19-107 and argues that we erred in not resentencing him under the 1991 version of Mississippi's capital murder statute, which

would require a sentence of life with the possibility of parole. Because Foster's case is procedurally barred, and because we properly applied Miss. Code Ann. § 99-19-107 to Foster's case, the order from the circuit court is affirmed.

**FACTS**

¶2. Ronald Chris Foster was convicted in 1991 for capital murder with the underlying felony of armed robbery and was sentenced to death. He was seventeen years old at the time of the offense. We affirmed his conviction and sentence on direct appeal. *Foster v. State*, 639 So. 2d 1263 (Miss. 1994). Foster subsequently brought a motion for post-conviction relief, arguing that his diminished mental capacity made the imposition of the death penalty unconstitutional pursuant to the United States Supreme Court's decision in *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002). We addressed those claims in *Foster v. State*, 848 So. 2d 172 (Miss. 2003), and directed the circuit court to conduct an *Atkins* hearing on the issue of Foster's mental retardation.

¶3. In the wake of the United States Supreme Court's decision in *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005), which held that the application of the death penalty against juvenile offenders violated the Eighth and Fourteenth Amendments, we granted a motion by the State of Mississippi to withdraw our mandate for an *Atkins* hearing, vacated Foster's death sentence, and directed the Lowndes County Circuit Court to sentence Foster to life without the possibility of parole under Miss. Code Ann. § 99-19-107. *Foster v. State*, 2005 Miss. LEXIS 476 (Miss. 2005); 95-DR-00750-SCT. Foster did not respond to the State's motion for resentencing and did not file a motion for reconsideration

2

after it was granted. After the case was remanded to the circuit court, Foster filed a motion for a new sentencing hearing, alleging that this Court's order imposed an impermissible ex post facto sentence. The circuit court denied Foster's motion, finding that it had no discretion to consider the propriety of Foster's claim. Foster then appealed both this Court's final judgment and the denial of his motion for a sentencing hearing.

**DISCUSSION**

¶4.     On appeal, Foster argues that his sentence constitutes an impermissible ex post facto punishment since the only sentencing options available under Miss. Code Ann. § 97-3-21 (1991) at the time of sentencing were death or life with the possibility of parole. He further argues that Miss. Code Ann. § 99-19-107, which states that if the death penalty is deemed unconstitutional, we must amend a defendant's sentence to life without the possibility of parole, is not applicable because *Roper v. Simmons* did not deem all applications of the death penalty unconstitutional, but only those imposed on juvenile offenders.

¶5.     The State responds that Foster is procedurally barred from bringing an appeal to this Court's resentencing order, since he did not file a response to the State's motion to resentence, and that the application of Miss. Code Ann. § 99-19-107 presents no ex post facto problem, since the statute was passed on July 1, 1982, years before Foster's original sentencing.

I.      **WHETHER FOSTER IS PROCEDURALLY BARRED FROM CHALLENGING HIS SENTENCE**.

¶6.	The trial court was correct in noting that it had no discretion to consider Foster's ex post facto claim. The execution of orders issued by this Court is a purely ministerial act, and lower courts have no authority to alter or amend them. *See*, *e.g.*, **Miss. Comm'n on Judicial Performance v. Sanders**, 708 So. 2d 866, 874 (Miss. 1998). Instead, Foster's claim should have been raised in a response to the State's motion to this Court under Miss. R. App. P. 27(a), or, in the alternative, in a motion for reconsideration of a motion under Miss. R. App. P. 27(h), or in a motion for rehearing under Miss. R. App. P. 40, after we granted the State's motion. His failure to do so bars his claim. In the alternative, his claim is without merit.

## II.	WHETHER THE APPLICATION OF MISS. CODE ANN. § 99-19-107 CONSTITUTES AN EX POST FACTO PUNISHMENT.

¶7.	Foster first asserts that, after his death sentence was vacated, the only option available to this Court was the imposition of a sentence of life with the possibility of parole under the version of the capital murder statute in effect at the time the crime was committed. *See* Miss. Code Ann. § 97-3-21 (1991). He argues that no statute in effect at the time authorized a sentence of life without parole, and that the sentence therefore constitutes an unconstitutional ex post facto punishment under Article 3, Section 16 of the Mississippi Constitution and Article 1, Section 10 of the United States Constitution. This contention misstates the applicable law. At the time of he committed the crime, Foster was equally subject to Miss. Code Ann. § 99-19-107 (Rev. 2000), amended in 1982, which states that:

> In the event the death penalty is held to be unconstitutional by the Mississippi Supreme Court or the United

4

States Supreme Court, the court having jurisdiction over a person previously sentenced to death shall cause such person to be brought before the court and the court shall sentence such person to imprisonment for life, and such person shall not be eligible for parole.

Where this statute governs a defendant's sentence, it plainly authorizes a sentence of life without parole. Therefore, the only question is whether the United States Supreme Court's prohibition on the execution of juvenile offenders falls within the scope of this statute.

¶8. The language of the statute is clear; it intends to provide for an alternative sentence for a person whose death sentence has been deemed unconstitutional. This Court has previously addressed the scope of section 99-19-107 in *Abram v. State*, 606 So. 2d 1015 (Miss. 1992). In *Abram*, this Court held that the statute was applicable "for that event when either this Court or the United States Supreme Court makes a wholesale declaration that the death penalty in general, and/or our own statutory death penalty scheme in particular, is unconstitutional." *Abram*, 606 So. 2d at 1039. The "wholesale declaration" requirement set out in *Abram* is extraneous language that is unnecessary to the application of the statute. The statute provides that no one whose death penalty is ruled unconstitutional may receive parole. To the extent that *Abram* is inconsistent with the plain meaning of section 99-19-107, it is hereby overruled. Because Foster's death penalty was found unconstitutional by the United States Supreme Court's ruling in *Roper*, the application of section 99-19-107 is appropriate.

## CONCLUSION

¶9. Foster's challenge to the application of section 99-19-107 to his case is barred because he failed to raise this issue before this Court before the remand for resentencing. Because

5

this Court and the circuit court correctly applied Miss. Code. Ann. § 99-19-107 in resentencing Foster, and because application of the statute in no way constitutes an ex post facto punishment, our order resentencing Foster to life in prison without the possibility of parole is affirmed.

¶10. **CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE, AFFIRMED.**

**SMITH, C.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, J. EASLEY AND LAMAR, JJ., NOT PARTICIPATING.**

**DIAZ, PRESIDING JUSTICE, DISSENTING:**

¶11. Because I disagree with overruling prior precedent and do not agree that Miss. Code Ann. § 99-19-107 (Rev. 2000) applies in this case, I must respectfully dissent.

¶12. Today's "plain meaning" interpretation of Section 99-19-107 is completely at odds with a reading of the statute that this Court previously saw as "fairly obvious." *Abram v. State*, 606 So. 2d 1015, 1039 (Miss. 1992) ("Although there are no cases addressing the precise application of § 99-19-107, we think it fairly obvious that it is reserved for that event when either this Court or the United States Supreme Court makes a wholesale declaration that the death penalty in general, and/or our own statutory death penalty scheme in particular, is unconstitutional."). In *Abram*, we considered whether Section 99-19-107 was applicable to a defendant whose death sentence had been vacated under *Enmund v. Florida* for failure to prove an intent to kill. *See Enmund v. Florida*, 458 U.S. 782, 73 L. Ed. 2d 1140, 102 S.

6

Ct. 3368 (1982), *modified by **Tison v. Arizona***, 481 U.S. 137, 95 L. Ed. 2d 127, 107 S. Ct. 1676 (1987) (finding that proof of an intent to kill was not required under the Eighth Amendment). In this context, we found that Section 99-19-107 was not applicable because ***Enmund*** did not invalidate a statutory scheme in whole or in part, but merely stipulated a minimum level of culpability that had to be found by the jury in order to impose the death penalty. We recognized that the savings statute "is not reasonably or logically intended for use on a case by case basis by trial courts or this Court." ***Abram***, 606 So. 2d at 1039.

¶13. Accordingly, it is only where the mechanisms for instituting the death penalty (the statutory scheme) are found to be unconstitutional that this provision applies. Such was the case in ***Furman v. Georgia***, where the United States Supreme Court found that Georgia's death penalty statutes were unconstitutional. 408 U.S. 238, 33 L. Ed 346, 92 S. Ct. 2726 (1972). This forced our Court to invalidate all death sentences because our statutory scheme was substantially similar to the one in Georgia. ***Peterson v. State***, 268 So. 2d 335, 338 (Miss. 1972); *see also **Cowart v. State***, 270 So. 2d 350 (Miss. 1972) (holding that because the death penalty was unconstitutional under ***Furman***, the defendant must be sentenced to life).

¶14. Both legislative history and prior precedent support this interpretation. Once the United States Supreme Court reaffirmed the use of the death penalty in 1976, our Legislature set about amending our death penalty scheme to comply with constitutional requirements. Miss. Code Ann. § 97-3-21 (1977); ***Gregg v. Georgia***, 428 U.S. 153, 49 L. Ed. 2d 859, 96 S. Ct. 2909 (1976). With our revised death penalty scheme, the Legislature also passed the "trigger" statute "in the event the death penalty is held to be unconstitutional." Laws, 1977,

7

ch. 458, § 5. In light of *Furman* and the temporary suspension of capital punishment, it is only reasonable to conclude that this statute was intended to be used in case of a wholesale invalidation of the death penalty, whether through federal or state means. *Abram*, 606 So. 2d at 1039 (Miss. 1992).

¶15.    With the exception of the present case, this Court has never referred to Miss. Code Ann. § 99-19-107 when vacating a death sentence on the basis of *Roper*. *Compare Foster v. State*, 2005 Miss. LEXIS 476 (Miss. 2005) (citing Miss. Code Ann. § 97-3-21) *with Eskridge v. State*, 2005 Miss. LEXIS 665 (Miss. 2005) (not citing Miss. Code Ann. § 97-3-21); *McGilberry v. State*, 2005 Miss. LEXIS 598 (Miss. 2005) (not citing Miss. Code Ann. § 97-3-21); *Dycus v. State*, 910 So. 2d 1100, 1101 (Miss. 2005) (not citing Miss. Code Ann. § 97-3-21). In *Eskridge*, we simply remanded the case for re-sentencing without mandating a term. 2005 Miss. LEXIS 665. While we ordered sentences of life imprisonment without parole in *McGilberry* and *Dycus*, their sentencing hearings were conducted after the 1994 revision to Miss. Code Ann. § 97-3-21 allowing for life without parole. *McGilberry v. State*, 843 So. 2d 21 (Miss. 2003) (1996 sentencing); *Dycus*, 910 So. 2d 1100 (1998 sentencing).

¶16.    Furthermore, we have never referred to Miss. Code Ann. § 99-19-107 in any case remanded for an *Atkins* hearing. *See Scott v. State*, 938 So. 2d 1233 (Miss. 2006); *Brown v. State*, 875 So. 2d 202 (Miss. 2004); *Conner v. State*, 904 So. 2d 105 (Miss. 2004); *Doss v. State*, 882 So. 2d 176 (Miss. 2004); *Snow v. State*, 875 So. 2d 188 (Miss. 2004); *Smith v.*

8

*State*, 877 So. 2d 369 (Miss. 2004); *Chase v. State*, 873 So. 2d 1013 (Miss. 2004); *Neal v. State*, 873 So. 2d 1010 (Miss. 2004); *Carr v. State*, 873 So. 2d 997 (Miss. 2004); *Goodin v. State*, 856 So. 2d 95 (Miss. 2003); *Russell v. State*, 849 So. 2d 95 (Miss. 2003). Foster was given the opportunity to proceed with an *Atkins* claim, but the order allowing his hearing was vacated in light of *Roper*. *Foster v. State*, 848 So. 2d 172, 175 (Miss. 2003); *Foster*, 2005 Miss. LEXIS 476 (Miss. 2005). While this Court has never addressed the issue, I would also hold that the trigger statute does not apply in *Atkins* cases. This is consistent with our reasoning in *Abram* that Miss. Code Ann. § 99-19-107 (Rev. 2000) should not be applied on a "case-by-case" basis as trial judges in *Atkins* cases must make a factual determination that a defendant is or is not mentally retarded. If the trigger statute does not apply in *Atkins*, then Foster should be allowed to proceed with his mental retardation claim as well.

¶17.    Our sentencing scheme at the time of Foster's sentencing provided two alternatives: death and life with the possibility of parole. Miss. Code Ann. § 97-3-21 (Rev. 1977). Because the United States Supreme Court has not ruled the death penalty unconstitutional, Miss. Code Ann. § 99-19-107 is inapplicable, and Foster's sentence should reflect what was available in 1991. For the foregoing reasons, I would reverse the previous sentencing order and resentence Foster to a term of life.

    **GRAVES, J., JOINS THIS OPINION.**

9