ISHEE, J.,
 

 for the Court.
 

 ¶ 1. On February 2, 1982, following a trial in the Circuit Court of Lamar County, Mississippi, on a change of venue from Lawrence County, Howard Neal was convicted and sentenced to death for the January 25, 1981, capital murder of Amanda Joy Neal. Following the United States Supreme Court decision
 
 Atkins v. Virginia,
 
 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), in which the Supreme Court held the execution of mentally retarded individuals violated the Eighth Amendment to the United States Constitution, Neal sought permission from the Mississippi Supreme Court to petition the circuit court for removal of his death sentence.
 
 *461
 
 The supreme court granted his request, and remanded the case to determine whether or not Neal was mentally retarded for purposes of
 
 Atkins.
 
 After multiple evaluations, psychology experts determined that Neal was, in fact, mentally retarded for purposes of
 
 Atkins.
 

 [1]
 

 ¶2. Thereafter, on July 23, 2007, the State filed its own motion asking the court to vacate Neal’s sentence of death and resentence him to life without parole. This motion was subsequently followed by Neal’s request to be resentenced to life with the possibility of parole. On August 14, 2007, the circuit court entered an order vacating Neal’s death sentence and scheduled a resentencing hearing.
 

 ¶ 3. On June 27, 2008, Neal was sentenced to serve a sentence of life in the custody of the Mississippi Department of Corrections without the possibility of parole, pursuant to Mississippi Code Annotated section 99-19-107 (Rev.2007). This section provides that:
 

 In the event the death penalty is held to be unconstitutional by the Mississippi Supreme Court or the United States Supreme Court, the court having jurisdiction over a person previously sentenced to death shall cause such person to be brought before the court and the court shall sentence such a person to imprisonment for life, and such person shall not be eligible for parole.
 

 Miss.Code Ann. § 99-19-107. The court, after having read all motions, documents, and correspondence pertaining to the matter, found that Neal’s case met all criteria of the statute and sentenced him to life without the possibility of parole.
 

 ¶4. Aggrieved by this decision, Neal now appeals asserting that the Ex Post Facto and Due Process Clauses of the United States and Mississippi Constitutions bar a sentence of life without the possibility of parole because such sentence was not a viable sentence at the time of his crime or conviction. Finding no error, we affirm.
 

 DISCUSSION
 

 ¶ 5. Neal’s only issue deals with the sentencing options available to the circuit court after his death sentence was vacated. Neal argues that no statute in effect at the time of his conviction authorized a sentence of life without parole, and his sentence violates his constitutional right against ex post facto punishment under Article 3, Section 16 of the Mississippi Constitution of 1890 and Article I, Section 10 of the United States Constitution. His argument is essentially the same argument put forth by Ronald Chris Foster in
 
 Foster v. State,
 
 961 So.2d 670 (Miss.2007). He asserts that the only option available to the resentencing court was the imposition of life with the possibility of parole under the version of the capital-murder statute in effect at the time the crime was committed.
 
 See
 
 Miss.Code Ann. § 97-3-21 (Supp.2008).
 

 ¶ 6. Neal’s contention, just as Foster’s, misstates the applicable law. Mississippi Code Annotated section 99-19-107 was first enacted in 1977. Therefore, at the time Neal committed the crime in 1981, he was subject to section 99-19-107
 
 [2]
 
 , stating that:
 

 
 *462
 
 [T]he court having jurisdiction over a person previously sentenced to death shall cause such person to be brought before the court and the court shall sentence such person to imprisonment for life, and such person shall not be eligible for work release or parole.
 

 “Where this statute governs a defendant’s sentence, it plainly authorizes a sentence of life without parole.”
 
 Foster,
 
 961 So.2d at 672(¶ 7). “The language is clear; it intends to provide for an alternative sentence for a person whose death penalty has been deemed unconstitutional.”
 
 Id.
 
 at (¶ 8). The statute clearly states that no one whose death penalty is ruled unconstitutional may receive life with parole.
 

 ¶ 7. Because Neal’s death penalty was found unconstitutional by the United States Supreme Court’s ruling in
 
 Atlcins,
 
 the application of section 99-19-107 is appropriate. The circuit court correctly applied section 99-19-107 in resentencing Neal. The application of the statute in no way constitutes an ex post facto punishment. Based on the supreme court’s holding in
 
 Foster,
 
 the circuit court’s judgment resentencing Neal to life without the possibility of parole is affirmed.
 

 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY OF CONVICTION OF CAPITAL MURDER AND SENTENCE TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE POSSIBILITY OF PAROLE, WITH THE SENTENCE TO RUN CONSECUTIVELY TO THE CURRENT LIFE SENTENCE THE APPELLANT IS SERVING, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ, CONCUR.
 

 [1]
 

 . Although the
 
 Atkins
 
 court did not delineate specific standards for diagnosing mental retardation for Eight Amendment purposes, the Mississippi Supreme Court provided guidance in
 
 Foster v. State,
 
 848 So.2d 172 (Miss.2003) and
 
 Chase v. State,
 
 873 So.2d 1013 (Miss.2004). Read together, the cases mandate that an expert evaluate (1) intellectual functioning; (2) adaptive functioning; (3) onset before the age of 18; and (4) attempts to malinger the tests.
 

 [2]
 

 . Mississippi Code Annotated section 99-19-107 was amended in 1982. The amendment
 
 *462
 
 deleted the "work release” portion of the statute.