PIERCE, Justice,
dissenting:
¶26. Respectfully, I dissent from the majority’s interpretation of Mississippi Code Section 99-19-107, and, in turn, its decision to vacate Frederick Bell’s sentence under that section. In my opinion, this Court correctly interpreted Section 99-19-107 in Foster v. State, 961 So.2d 670 (Miss.2007), to apply to classes of persons *197 whose death sentences had been deemed unconstitutional. Foster rightly overruled Abram v. State, 606 So.2d 1015 (Miss.1992), as Abram did not have before it the decrees of Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), and Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), which categorically prohibit the death penalty for certain classes of offenders. The defendant in Abram belonged to no such class and remained subject to the death penalty after his sentence under Section 99-19-107 was reversed and his case remanded by this Court. In short, Section 99-19-107 was not applicable in Abram or in any other Mississippi death-penalty case until the Supreme Court’s decision in Atkins. For this reason, Abram carries no weight. And Foster properly treated Abram accordingly.
¶ 27. In the wake of Atkins and Roper, [6] reading Section 99-19-107 to apply only if this Court or the Supreme Court renders a wholesale declaration that the death penalty in its entirety is unconstitutional, lends itself to the interpretation that the whole is greater than the sum of its parts. As Foster recognized, it is not, for purposes of Section 99-19-107. And the question before us need only be taken to its logical conclusion to see that Foster ⅛ interpretation of Section 99-19-107 is the correct one.
¶ 28. Again, the holdings of Atkins and Roper prohibit the imposition of death as a punishment for certain classes of individuals, under the Eighth Amendment. Given the High Court’s Eighth Amendment rationale comprising those two decisions, every conceivable class of individuals has the potential to be included alongside the classes identified in Atkins and Roper. Were this to occur, the death penalty would have been abrogated piecemeal rather than wholesale without Section 99-19-107 ever going into effect.
¶ 29. Since Atkins and Roper were not in existence at the time Abram spoke to Section 99-19-107, there was no reason for the Abram Court to contemplate such a scenario. The same, however, cannot be said of our Legislature, when it enacted Section 99-19-107 following Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
¶ 30. As Foster concluded, Section 99-19-107 intends to provide for an alternative sentence of life without the possibility of parole for those whose death sentences have been deemed unconstitutional. Foster, 961 So.2d at 672. Because Bell’s death penalty was found unconstitutional based on the Supreme Court’s ruling in Atkins, Section 99-19-107 applies.
¶ 31. For these reasons, I would affirm Bell’s sentence of life without parole under Section 99-19-107.
WALLER, C.J., RANDOLPH, P.J. AND CHANDLER, J., JOIN THIS OPINION.

. Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), which prohibits a mandatory sentencing scheme of life without parole for juvenile offenders, effectively abrogates Foster's disposition. For our purposes here, however, this does not affect Foster's interpretation of Section 99-19-107.