970 So.2d 1309 (2007)
Patrick Joseph DUCOTE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CA-00693-COA.
Court of Appeals of Mississippi.
December 11, 2007.
*1311 George S. Shaddock, Pascagoula, Calvin D. Taylor, attorneys for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
BARNES, J., for the Court.
¶ 1. Patrick Ducote appeals the judgment of the Circuit Court of Oktibbeha County which dismissed his motion to reconsider his sentence or, in the alternative, prove his plea of guilty was invalid. Finding no error, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. An Oktibbeha County grand jury returned a three-count indictment against Ducote, charging him with the sale of (1) dextropropoxyphene (Darvocet), (2) ecstasy and (3) hydrocodone, all in violation of Mississippi Code Annotated section 41-29-139 (Rev.2005). At the time, Ducote was an electrical engineering student at Mississippi State University. The sales occurred in his apartment in Starkville over a one-month period to an undercover agent. Initially, Ducote pleaded not guilty to all charges. However, in October 2005, Ducote entered a plea of guilty to the sale of ecstasy, only. At the sentencing hearing in January 2006, the judge viewed videotapes of the transactions and heard testimony from several witnesses in mitigation of sentencing. The judge ordered Ducote to serve eight years in the custody of the Mississippi Department of Corrections, with five years of post-release supervision and a fine of $5,000. Felony counts one and three were retired to the files.
¶ 3. On February 3, 2006, Ducote, appearing pro se, signed a motion to reconsider his sentence; however, the record does not reflect whether the motion was placed in the mail that day, turned into jail personnel for mailing or was given to any other person to mail. Ducote's motion to reconsider his sentence states it was "filed" with the circuit court on February 3, 2006, but this is an inaccurate statement. February 3 was apparently the date Ducote signed the motion. The circuit court stamped the motion "filed" on February 7, 2006 and entered it into the court docket on that date. In his motion, Ducote claimed there was material information regarding the mitigation of his sentence which was not produced for the court's consideration. In the alternative, Ducote moved the court to set aside his plea of guilty, which he claimed was not voluntary or intelligent. On March 10, 2006, Ducote's current counsel entered their appearances in circuit court. On March 23, 2006, the circuit court dismissed *1312 Ducote's motion to reconsider, finding the petition "not well taken" and denied a hearing on the matter. The court found it did not retain jurisdiction under Mississippi Code Annotated section 47-7-47 (Rev. 2004).[1] Also, the court stated that since Ducote "was sentenced during a previous term of court which had since ended," the court did not retain jurisdiction over Ducote regarding sentencing. On April 3, 2006, Ducote filed a motion for relief from the March 23 order and for reconsideration, noting that the term of court had not ended when he originally filed his motion to reconsider. There being no ruling from the trial court regarding this motion, on April 21, 2006, Ducote filed his notice of appeal of the circuit court's March 23rd order. Ducote raises four issues: (1) whether the circuit court erred in considering this action a petition for post-conviction relief, (2) whether the circuit court erred in refusing to consider Ducote's motion to reconsider his sentence for lack of jurisdiction, (3) whether Ducote's guilty plea was knowing and intelligent, and (4) whether one or more of the above errors resulted in ineffective assistance of counsel.

ANALYSIS
¶ 4. Ducote's appeal actually places before us two different procedural vehicles. First, we have the obvious appeal from a motion to reconsider his sentence. However, because of the wording of the motion, which in the alternative also requests his guilty plea be set aside because it was not voluntary or knowing, we also have before us an appeal from a motion for post-conviction relief. See Miss.Code Ann. § 99-39-5(1)(f) (Rev.2000) (stating one ground for post-conviction relief is whether plea involuntary). The trial court, in dismissing Ducote's motion, properly acknowledged and disposed of both matters. Even though one of Ducote's issues challenges whether the court erred in considering this action a petition for post-conviction relief, two of his other issues relate to well-established post-conviction issues: the validity of his plea and whether Ducote had ineffective assistance of counsel. Therefore, we shall address the motion under both procedural vehicles: first, as a motion to reconsider the sentence and then as a petition for post-conviction relief.
1. The Direct Appeal of the Motion to Reconsider Ducote's Sentence.
¶ 5. In the circuit court's March 23, 2006, order, it dismissed the motion for two reasons: because the circuit court did not retain jurisdiction and because the argument lacked merit. The court explained that it did not retain jurisdiction for two reasons: because Ducote's sentencing was during a previous term of court which had since ended and because the court did not retain jurisdiction under Mississippi Code Annotated section 47-7-47 (Rev.2004).
¶ 6. Our review of motions to reconsider a sentence is made under an abuse-of-discretion standard. Acker v. State, 797 So.2d 966, 969(¶ 10) (Miss.2001) (citing Wallace v. State, 607 So.2d 1184, 1191 (Miss.1992)). Sentencing is generally within the trial court's discretion and will not be disturbed on appeal if the sentence is within the statute's terms. Edge v. State, 945 So.2d 1004, 1008(¶ 15) (Miss.Ct. App.2007) (citing Davis v. State, 724 So.2d 342, 344(¶ 7) (Miss.1998)).
*1313 ¶ 7. Longstanding authority holds "[o]nce a case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment," in the absence of a statute authorizing modification of a sentence. Presley v. State, 792 So.2d 950, 954(¶ 18) (Miss.2001) (quoting Harrigill v. State, 403 So.2d 867, 868-69 (Miss.1981)). However, this holding does not impact the ability of a circuit court to rule on motions which are pending at the end of the term of court, as these are allowed under Mississippi Code Annotated section 11-1-16 (Rev.2002). Id. Nor does this holding apply to URCCC 10.05, which states a motion for a new trial should be filed within ten days of the entry of judgment, regardless of when the term of court ends. Id. at 954(¶ 19). Additionally, section 47-7-47(2)(a) is one way a trial judge can statutorily revisit sentencing upon its own motion, after thirty days but before one year after the defendant has been delivered into the custody of the Department of Corrections.
¶ 8. Regarding the motion to reconsider the sentence, Ducote argues that the trial court retained jurisdiction. He maintains that the trial court has the authority to hear motions and appeals whether the court is in term or in vacation under URCCC 2.02. However, this is incorrect.[2] The circuit court does not have jurisdiction to hear a motion regarding sentencing unless it is made within the term of court, the motion is pending at the end of the term under section 11-1-16, or the trial court retains jurisdiction pursuant to section 47-7-47. Prior to a statutory amendment in 2001, section 47-7-47 stated that the trial court could suspend a sentence "at the time of the initial sentencing only." This provision was interpreted to mean that the initial sentencing order had to state the court retained jurisdiction in order to suspend the sentence. See generally Miss. Comm'n of Judicial Performance v. Russell, 691 So.2d 929, 937-39 (Miss.1997) (interpreting authority of court under section 47-7-47, before 2001 amendment, to suspend sentences). In 2001, however, this "initial sentencing" language was deleted, indicating that the trial court might retain sentencing jurisdiction during the statutory time frame (between thirty days and one year) without stating so at the initial sentencing. Neither party has addressed the effect of the 2001 amendment in its brief to this court. To the extent Ducote may be correct that section 47-7-47 gives the trial judge between thirty days and one year to modify or suspend sentences, the authority to do so is within the sound discretion of the court. Here, the judge determined not to do so, and we find no error in this choice.
¶ 9. The State moved to dismiss the appeal because an appeal is an exclusive statutory right and Mississippi Code Annotated section 99-35-101 (Rev.2000) specifically prohibits an appeal from any case where the defendant enters a guilty plea. Therefore, the State claims that our Court lacks jurisdiction for an appeal not authorized by statute. However, when a defendant, who has pled guilty, appeals the length of the sentence arising from that plea, this Court has jurisdiction to consider that matter. Edge, 945 So.2d at 1007(¶ 12) (citing Trotter v. State, 554 So.2d 313, 314 (Miss.1989)). "An appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty *1314 plea itself." Id. (citing Burns v. State, 344 So.2d 1189 (Miss.1977)). Thus we overrule the State's motion to dismiss the appeal.
¶ 10. In the alternative of dismissing the appeal, the State argues there is no basis for relief on the motion to reconsider Ducote's sentence. First, we find no error in the trial court's dismissal of the motion for lack of jurisdiction. The Oktibbeha County Circuit Court's 2006 term began the fourth Monday in January for twelve days.[3] Consequently, the twelfth day of the term was in fact February 3, 2006  the date Ducote apparently executed his motion. While Ducote stated his motion was "filed" on February 3, 2006, the circuit court clerk stamped the motion "filed" on February 7, 2006. We find no error in the trial court's reliance on the clerk's documentation as to when the document was truly filed. A judge may not alter or vacate a sentence once the term of court the defendant was sentenced in has ended, thus Ducote was four days late, for jurisdictional purposes, in filing his motion. Further, this motion could not be considered "pending" under section 11-1-16, because the motion was not filed before the term of court ended.
¶ 11. Additionally, we find the prison mailbox rule inapplicable here, and thus we cannot consider the motion within the term of court. Under this rule, "a prisoner's motion for post-conviction relief is delivered for filing on the date that the prisoner submitted the papers to prison authorities for mailing." Melton v. State, 930 So.2d 452, 454(¶ 7) (Miss.2006) (citing Sykes v. State, 757 So.2d 997, 1000-01(¶ 4) (Miss.2000)). The prison mailbox rule also applies to appeals from denials of post-conviction relief. Id. (citing Gaston v. State, 817 So.2d 613, 616(¶ 8) (Miss.Ct.App. 2002)). The Supreme Court has also recently approved our Court's extension of this rule to all civil filings by pro se prisoners seeking judicial review in Easley v. Roach, 879 So.2d 1041, 1042(¶ 4) (Miss. 2004) (citing Maze v. Miss. Dep't of Corrs., 854 So.2d 1090 (Miss.Ct.App.2003)). Thus, under this rule, Ducote's date of filing would be considered the date he delivered the document to prison officials to be mailed. However, we find the prison mailbox rule inapplicable here because of the factual circumstances. The only information available in the record is that Ducote apparently signed the document February 3 and the court filed it February 7. There is no evidence when the document was given to prison authorities, nor is there a cancelled envelope in the record.
¶ 12. Even if we were to consider the prison mailbox rule applicable, and the trial judge retained jurisdiction to hear Ducote's motion because it was considered "pending" under section 11-1-16, the trial court still did not err on the merits. Sentencing is within the trial court's discretion. Edge, 945 So.2d at 1008(¶ 15). The judge found Ducote's argument "not well taken" because his motion did not give any reason to grant relief. Instead, it made merely "conclusory statements" without specific allegations. Moreover, we note that at Ducote's sentencing hearing, the judge considered the sentencing very completely: he saw a video of the sale of controlled substances and heard testimony from several witnesses in mitigation of the sentence. Ducote could have received as much as thirty years in custody for his conviction. We do not find the trial judge abused his discretion in sentencing Ducote instead to eight years in custody. Accordingly, we affirm the court's dismissal regarding Ducote's motion to reconsider his sentence.
*1315 2. The Petition for Post-Conviction Relief.
¶ 13. The trial court properly designated Ducote's motion a post-conviction relief petition as well. In the motion, Ducote requested the court in the alternative to consider his plea as invalid. According to section 99-39-5(1)(f) (Rev.2000) of the Mississippi Code, the relief Ducote requests is considered a post-conviction matter, and the circuit court judge properly treated it as such.
¶ 14. Direct appeals are the "principal means of reviewing all criminal convictions and sentences. . . ." Miss.Code Ann. § 99-39-3(2) (Rev.2000). Alternatively, "[p]ost-conviction relief is a procedure limited to review of matters which `in practical reality, could not or should not have been raised at trial or on direct appeal.'" Edge, 945 So.2d at 1007(¶ 13) (quoting Foster v. State, 687 So.2d 1124, 1129 (Miss.1997)). If a prisoner pleads guilty, the statute of limitations for the prisoner to bring a post-conviction relief petition is within three years after the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Supp.2005). The circuit court's dismissal or denial of a petition for post-conviction relief, whether formally entitled as such or not, constitutes a final judgment and bars any successive petitions. Miss.Code Ann. § 99-39-27(9) (Supp.2005). Regarding post-conviction relief appeals, this Court will not disturb the findings of the trial court unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss. 1999). Questions of law are reviewed by our Court de novo. Id.
¶ 15. Three of Ducote's issues are post-conviction matters. First, Ducote argues that the circuit court clerk made a "unilateral decision" to consider this motion a post-conviction relief petition, when it was intended only as a motion to reconsider his sentence. However, the relief Ducote requests in the motion is undeniably post-conviction material, regardless of his intentions. Second, Ducote argues his plea was involuntary. Again, this is a post-conviction matter. In his order, the trial court disposed of this matter as being "not well taken" because the motion made "conclusory statements without specific allegations." We find the trial court did not err in this determination, and the issue is without merit. Third, Ducote argues, for the first time in his appellate brief, that he received ineffective assistance of counsel at the trial court level. This issue is procedurally barred as it was not raised in his motion below. See Miss.Code Ann. § 99-39-21(1) (Rev.2000) (stating failure of prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and /or direct appeal shall be procedurally barred). Accordingly, we find the trial court did not err in dismissing this matter pursuant to section 99-39-11 as a petition for post-conviction relief.

CONCLUSION
¶ 16. We find no error in the trial court considering this motion as both a direct appeal to reconsider Ducote's sentence and a petition for post-conviction relief. The trial court did not err in finding it lacked jurisdiction regarding the motion to reconsider the sentence and that even if it did have jurisdiction, the motion lacked merit, or in dismissing the post-conviction relief portions of the motion on the merits.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF DISMISSING DUCOTE'S MOTION TO RECONSIDER HIS SENTENCE AND MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*1316 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] This statute states, in pertinent part, that "[a]ny circuit court . . . may, upon its own motion, . . . not earlier than thirty (30) days nor later than one (1) year after the defendant has been delivered to the custody of the department, to which he has been sentenced, suspend the further execution of the sentence and place the defendant on earned probation. . . ." Miss.Code Ann. § 47-7-47(2)(a) (Rev.2004).
[2] URCCC 2.02 is a procedural rule which empowers the court "to hear and determine" all motions, appeals, or other applications to the court, which the court may hear without a jury in term or vacation. However, this rule does not empower the court to hear motions which were filed during vacation where other authority required them to be filed in term time.
[3] State of Mississippi Judiciary & Court Calendar (2006).