BARNES, J.,
 

 for the Court:
 

 ¶ 1. Richard Becker, appearing pro se, appeals the Circuit Court of Harrison County’s denial of his motion for post-conviction relief. We find no error and affirm.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In December 2006, a grand jury of the first judicial district of Harrison County returned a three-count indictment against Becker for touching a child for
 
 *1158
 
 lustful purposes, on or between June 2006 and August 2006, when he occupied a position of trust as the victim’s parent, in violation of Mississippi Code Annotated section 97-5-23(2) (Rev. 2006). In August 2007, Becker entered a plea of guilty to two of the three counts, with the third count passed to the file. The trial court sentenced Becker to twelve years for each count, with the sentences to run concurrently, in the custody of the Mississippi Department of Corrections (MDOC), with four years suspended and four years of post-release supervision. The trial court also recommended that Becker receive any mental treatment or counseling that the MDOC has to offer.
 

 ¶ 3. On September 25, 2007, Becker filed a motion to reconsider his sentence. The motion was a form in which Becker had filled in the blanks. He stated the following reasons why he wanted the court to reconsider his sentence: he had not been “properly barganized”; he had not been convicted of any prior crimes; he had served in the military; he requested psychiatric help; and he wanted to prove he could be a productive member of society. The trial court denied the motion. On January 22, 2008, Becker moved to amend his motion to reconsider, claiming that at the time he entered his guilty plea he was suffering from “mental health problems due to the nature of the charge.” This motion was not a form motion; rather, it was a handwritten motion. He argued that his “diminished mental capacity” was an “appropriate consideration for downward sentence departure.” The trial court found no evidence that Becker was mentally incompetent at the time he entered his guilty plea and denied the motion.
 

 ¶ 4. On June 10, 2008, Becker filed a pro se motion for post-conviction relief in the trial court, claiming that two of his defense attorneys were ineffective because Becker was obviously mentally incompetent before and during the time he pleaded guilty and his attorneys did not request a competency hearing. Specifically, Becker stated he was “stressed out to the point of suicide at all times.” Becker had a total of three attorneys during the proceedings before the trial court. Becker made allegations against his first attorney, Kay Wilkerson, as well as Eric Geiss, the attorney who represented him at his plea hearing. Becker also alleges that the trial court erred in failing to conduct a sua sponte competency hearing since he “appeared at what was believed to be a Preliminary Hearing in a suicidal garment.”
 
 [1]
 
 The trial court found, however, that Becker offered no evidence to support his allegations that he was mentally incompetent at the time he entered his plea, or his counsel was ineffective. Accordingly, the trial court denied his motion for post-conviction relief. Becker now appeals.
 

 STANDARD OF REVIEW
 

 ¶ 5. The reviewing court will not disturb the trial court’s denial of a motion for post-conviction relief unless the trial court’s findings of fact are found to be clearly erroneous. However, questions of law are reviewed de novo.
 
 Lambert v. State,
 
 941 So.2d 804, 807 (¶ 14) (Miss.2006) (citing
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
 

 ANALYSIS OF THE ISSUES
 

 ¶ 6. Becker raises, in effect, two issues regarding why his guilty plea and sentence should be set aside: two of his attorneys
 
 *1159
 
 were ineffective as Becker was mentally incompetent before and during the time of his guilty plea and the attorneys did not request a competency hearing and did “nothing” but coerce him into pleading guilty, and the trial court failed to conduct a competency hearing sua sponte.
 

 ¶ 7. The State, however, argues that Becker’s motion for post-conviction relief is barred as a successive writ pursuant to Mississippi Code Annotated section 99-39-23(6) (Rev. 2007). We agree in part and in result. We find the trial judge properly treated Becker’s first motion as a motion to reconsider his sentence, not as a motion for post-conviction relief. This Court has held: “The circuit court does not have jurisdiction to hear a motion regarding sentencing unless it is made within the term of court, the motion is pending at the end of the term under section 11-1-16, or the trial court retains jurisdiction pursuant to section 47-7-47.”
 
 Ducote v. State,
 
 970 So.2d 1309, 1313 (¶ 8) (Miss.Ct.App.2007). Here, the trial court sentenced Becker on September 10, 2007, and Becker filed a pro se motion to reconsider his sentence on September 25, 2007. The term of court had commenced on the first Monday of September 2007 and continued for four weeks.
 
 [2]
 
 The trial court correctly addressed the motion to reconsider in its own right, as the motion was filed within the term of court, and the trial court had jurisdiction to hear the motion as styled and not as a motion for post-conviction relief. The trial court denied the motion to reconsider on October 16, 2007. However, Becker moved to “amend” his motion to reconsider on January 22, 2008, which was several months after the end of the term of court in which Becker had been sentenced, as well as several months after the trial court had denied Becker’s original motion to reconsider. In his motion to amend, Becker raised his competency issues for the first time. The trial court should have considered the motion to amend as a motion for post-conviction relief, as the court had no jurisdiction otherwise to hear the motion. Accordingly, as submitted by the State, the current motion for post-conviction relief is barred as a successive writ by section 99-39-23(6).
 

 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Becker gives no further explanation; we assume a "suicidal garment” is a type of suicide-prevention garment.
 

 [2]
 

 . State of Mississippi Judiciary Directory and Court Calendar (2007).