DICKINSON, Presiding Justice,
dissenting:
¶ 6. Justice Lamar is correct that Wrenn has no right to file a direct appeal. But all agree that Wrenn is entitled to appellate review of his claim that his guilty plea was the result of ineffective assistance of counsel. So I share Justice Kitehens’s view that — in the interests of judicial economy and timely administration of justice — we should follow the Court of Appeals’ lead in Ducote v. State,[10] by simply treating Wrenn’s appellate filing as a petition for post-conviction relief, rather than requiring him to refile the same papers with a different title. All the majority accomplishes today is to create unnecessary work for the Supreme Court Clerk, the circuit clerk, the defendant, and this Court.
CHANDLER AND KING, JJ., JOIN THIS OPINION. KITCHENS, J„ JOINS THIS OPINION IN PART.

. Ducote v. State, 970 So.2d 1309, 1315 (Miss.Ct.App.2007).