KITCHENS, Justice,
dissenting:
¶ 7. I respectfully disagree with the majority’s dismissal of the appeal based on a rigid adherence to the legislature’s limitation of our appellate jurisdiction. Miss. Const, art. 6 § 146 (vesting this Court with “such jurisdiction as properly belongs to a court of appeals”); Miss.Code Ann. § 99-35-101 (Supp.2012) (prohibiting appeals “where the defendant enters a plea of guilty and is sentenced”).[11] The issue before us is the trial court’s denial of Wrenn’s motion to withdraw his guilty plea, which unquestionably is a post-con *916 viction matter. See Miss.Code Ann. § 99-39-5(l)(g) (Supp.2012) (listing as grounds for post-conviction relief a claim that the petitioner’s plea was made involuntarily). Yet, the majority refuses to entertain the merits because Wrenn filed his motion before the formal judgment of conviction was entered by the trial court. The issue was presented to the trial judge, and the claim has been thoroughly considered and correctly rejected; thus, to dismiss the claim at this point, after an appellate record has been compiled and briefing has been completed, wastes judicial resources and creates unnecessary delay. In this instance, the majority allows Section 99-35-101 to become a procedural obstacle to a prompt resolution of issues properly before us. See Jones v. City of Ridgeland, 48 So.3d 530, 537 (Miss.2010) (finding the “three-court rule” in Mississippi Code Section 11-51-81 an unconstitutional infringement on this Court’s power to promulgate rules of procedure and not a permissible legislative grant of jurisdiction). Accordingly, I would treat the motion to withdraw as a petition for post-conviction relief and affirm the trial court. See Ducote v. State, 970 So.2d 1309, 1315 (Miss.Ct.App.2007) (holding that the trial court did not err in treating post-plea motion as a petition' for post-conviction relief).
CHANDLER AND KING, JJ„ JOIN THIS OPINION. DICKINSON, P.J., JOINS THIS OPINION IN PART.

. Before 2008, Section 99-35-101 prohibited appeals "in any case where the defendant enters a plea of guilty.” The Court of Appeals has interpreted "this new language in Section 99-35-101 as denying both the Mississippi Supreme Court and [the Court of Appeals] jurisdiction to hear direct appeals from the trial court involving the merits of a criminal defendant’s guilty plea and/or the validity of a sentence imposed by the trial court based on that guilty plea.” Henderson v. State, 89 So.3d 598, 603 (Miss.Ct.App.2011). This Court has acknowledged the amendment, but has not addressed whether Section 99-35-101 would invalidate this Court’s determining that it has jurisdiction to consider direct appeals from the sentence, but not the guilty plea itself. See Burrough v. State, 9 So.3d 368, 374 n. 3 (Miss.2009) (citing 2008 Miss. Laws, ch. 457, § 1 (effective July 1, 2008)).