# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-KA-00340-SCT

*MACK ARTHUR KING*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2014 |
| TRIAL JUDGE: | HON. LEE SORRELS COLEMAN |
| TRIAL COURT ATTORNEYS: | RHONDA R. HAYES-ELLIS |
| | STACY L. FERRARO |
| | MERRIDA P. COXWELL, JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STACY L. FERRARO |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | VACATED AND REMANDED - 06/18/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     After a federal court declared Mack Arthur King ineligible for the death penalty under

*Atkins v. Virginia*,[1] the Lowndes County Circuit Court sentenced him to life without parole.

King argues on appeal that he should have been sentenced to life. We agree, and we vacate

King's sentence and remand the case for resentencing.

---

[1]*Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002).

## FACTS AND PROCEDURAL HISTORY

¶2.     Lelia Patterson was found dead in her home on August 3, 1980. ***King v. State***, 421 So. 2d 1009, 1010 (Miss. 1982). King subsequently was indicted for capital murder in her death, and he was convicted and sentenced to death in December 1981. ***Id.*** at 1018. Since that time, King has filed numerous appeals seeking relief from his conviction and sentence, but those are not relevant here.[2]

¶3.     In 2013, the United States District Court for the Northern District of Mississippi found that King was intellectually disabled and therefore ineligible for execution. ***King v. Epps***, 2013 WL 1291632, at *1 (N.D. Miss. Mar 26, 2013). The district court vacated King's death sentence and gave the State an opportunity to impose a sentence less than death. ***Id.*** at **1; 12. The State then filed a Motion to Vacate Sentence of Death and Resentence Petitioner to Life Without Parole in the Lowndes County Circuit Court.

¶4.     King filed a motion objecting to being sentenced to life without parole. He argued that the only sentencing options available at the time he committed the crime were death and life. He argued that the 1994 sentencing amendments which added life without parole as a sentencing option for capital murder could not properly be applied to him, because they would violate the *ex post facto* clauses of the United States and Mississippi Constitutions.

---

[2]*See* ***King v. State***, 421 So. 2d 1009 (Miss. 1982); ***King v. State***, 503 So. 2d 271 (Miss. 1987); ***King v. Puckett***, 1 F.3d 280 (5th Cir. 1993); ***King v. State***, 656 So. 2d 1168 (Miss. 1995); ***King v. State***, 784 So. 2d 884 (Miss. 2001); ***King v. State***, 960 So. 2d 413 (Miss. 2007); ***King v. State***, 23 So. 3d 1067 (Miss. 2009).

He also argued that his due-process rights would be violated if the circuit court applied Mississippi Code Section 99-19-107 to him.[3]

¶5.    The State responded and argued that Section 99-19-107 would apply to King, as evidenced by this Court's decision in *Foster v. State*, 961 So. 2d 670 (Miss. 2007), and the Court of Appeals' decision in *Neal v. State*, 27 So. 3d 460 (Miss. Ct. App. 2009). The trial judge agreed with the State and sentenced King to life without parole, stating: "Based on the authority of the cases of [*Neal*] and [*Foster*], the Court finds that the Defendant's contention that sentencing him pursuant to [Section 99-19-107] to life in prison without parole does not constitute a violation of the United States and Mississippi constitution's [sic] provisions against ex post facto laws."

¶6.    King appeals, arguing that he should be resentenced to life with the possibility of parole for two reasons:

> (1) Mississippi Code Annotated § 99-19-107 does not apply to Mr. King's case because *Atkins v. Virginia* was not a "wholesale declaration" that the death penalty was unconstitutional; and

> (2) Mack Arthur King's rights under the due process clause of the United States Constitution were violated when the trial court resentenced him to life without the possibility of parole because it was a retroactive imposition of changes caused by judicial interpretation of a criminal statute that were "unexpected" and "indefensible."

¶7.    We find the first issue dispositive, so we do not address King's due-process argument.

---

[3]"In the event the death penalty is held to be unconstitutional by the Mississippi Supreme Court or the United States Supreme Court, the court having jurisdiction over a person previously sentenced to death shall cause such person to be brought before the court and the court shall sentence such person to imprisonment for life, and such person shall not be eligible for parole." Miss. Code Ann. § 99-19-107 (Rev. 2007).

ANALYSIS

¶8.     This Court reviews questions of law de novo.  ***Bell v. State***, 160 So. 3d 188, 189 (Miss. 2015) (citations omitted).

¶9.     King argues that Section 99-19-107's mandate that a prisoner be sentenced to life without parole does not apply to him and that, consequently, the only sentencing option available to the trial judge was life.  We agree, per our recent decision in ***Bell v. State***, 160 So. 3d 188 (Miss. 2015)*.*  There, Frederick Bell made the exact arguments that King makes here—that Section 99-19-107 did not apply to him and that a sentence of life without parole violated his due-process rights.  ***Id.*** at 189.

¶10.    This Court agreed with Bell that Section 99-19-107 did not apply to him, stating:

> Bell is correct that the Supreme Court's holding in ***Atkins*** was not a wholesale declaration that the death penalty was unconstitutional. Rather, ***Atkins*** prohibited the imposition of death sentences on mentally retarded individuals. Thus, an individual sentenced to death who is later determined to be mentally retarded pursuant to ***Atkins*** *should be resentenced, not automatically given a sentence of life without parole.*
> . . .
> We hold that Section 99-19-107 is inapplicable because the death penalty in its entirety has not been declared unconstitutional. As to Bell individually, however, his sentence of death is unconstitutional because he has been determined to be mentally retarded. *Section 99-19-107 does not apply when an individual's death sentence is rendered unconstitutional.* That section would apply if, and only if, the United States Supreme Court or the Mississippi Supreme Court rendered a wholesale declaration that the death penalty as a sentence to anyone was unconstitutional. *That has not happened, and Section 99-19-107 has never been called into play. With his death sentence being unconstitutional, Bell is entitled to a new sentence. Bell's sentence is vacated, and we remand the case to the Circuit Court of Grenada County for Bell to be resentenced to life imprisonment.*

***Id.*** at 194, 196 (emphasis added).

4

¶11. This Court acknowledged that it had held otherwise in *Foster v. State*, 961 So. 2d 670 (Miss. 2007), which is the case relied on by the State and the trial judge below and by the State on appeal. *Bell*, 160 So. 3d at 191-95. But, after a thorough analysis, this Court determined that Section 99-19-107 was ambiguous, and it returned to the interpretation of Section 99-19-107 previously adopted by this Court in *Abram v. State*, 606 So. 2d 1015 (Miss. 1992), thereby implicitly overruling *Foster*. *Bell*, 160 So. 3d at 193-95.

¶12. In sum, this Court directly answered the question presented by King in *Bell*. And, as in *Bell*, King must be sentenced to life, because death and life were the only two sentencing options available at the time King was convicted and sentenced. *See id.* at 196.

## CONCLUSION

¶13. Because Section 99-19-107 does not apply when an *individual's* death sentence is rendered unconstitutional, King must be resentenced to life, as death and life were the only two sentencing options available at the time he was convicted and sentenced. King's sentence is vacated, and we remand the case to the Lowndes County Circuit Court for King to be resentenced to life imprisonment.

¶14. **VACATED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

5