# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01679-COA

**KENDRA STRICKLIN A/K/A KENDRA D. STRICKLIN A/K/A KENDRA DANIELLE STRICKLIN A/K/A KENDRA STRICKLAND**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/07/2014 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENDRA STRICKLIN (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY:  LAURA HOGAN TEDDER        JOHN R. HENRY JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTIONS TO RECONSIDER SENTENCES DENIED |
| DISPOSITION: | AFFIRMED - 12/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL, JAMES AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Kendra Stricklin filed pro se petitions asking the circuit court to reconsider sentences imposed in three different cases.  The circuit court found that it was without jurisdiction to consider her petitions.  Finding no error, we affirm.

¶2.     In October 2012, Stricklin pled guilty to uttering a forgery, a felony, in the Winston County Circuit Court.  The court sentenced her to ten years in the custody of the Mississippi Department of Corrections (MDOC), with all ten years suspended and five years of

probation.

¶3.     At the time of Stricklin's sentencing in Winston County, she was already under indictment for false pretenses[1] in Oktibbeha County, which is in a different circuit court district.  In January 2013, Stricklin filed a petition to plead guilty to this charge and signed a pre-sentence affidavit in the Oktibbeha County Circuit Court.  Although it had been less than three months since she pled guilty and was sentenced to probation in Winston County, Stricklin swore under oath in her petition and affidavit that she was not on probation and had never been convicted of a felony or misdemeanor in this state.  She also testified under oath at her plea hearing that the information in her plea petition was truthful.  Based on Stricklin's (mis)representations, the judge accepted her plea and sentenced her to three years in MDOC custody, with all three years suspended and three years of probation.

¶4.     When the district attorney for Oktibbeha County discovered that Stricklin had committed perjury in her plea petition, in her affidavit, and in open court, he filed a petition to revoke her probation in the Oktibbeha County false pretenses case.  The petition cited the provision of her sentencing order that required her not to commit any criminal offenses as a condition of the suspension of her sentence.  The judge found that Stricklin had violated the terms of her probation, revoked her probation, and sentenced her to three years in MDOC custody.

¶5.     Stricklin also faced a new indictment for perjury[2] based on her false statements in

---

[1] Miss. Code Ann. § 97-19-39 (Rev. 2014).  Stricklin was indicted for knowingly obtaining merchandise with a bad check.

[2] Miss. Code Ann. § 97-9-59 (Rev. 2014).

connection with her plea. She pled guilty to perjury, and on August 1, 2013, the court sentenced her to ten years in MDOC custody. The court ordered that the ten-year sentence would run consecutively to Stricklin's original three-year sentence for false pretenses.

¶6. Finally, in January 2014, Stricklin was indicted for felony shoplifting[3] in the Oktibbeha County Circuit Court. Stricklin committed this offense in August 2012—while she was under indictment for false pretenses (in Oktibbeha County) and uttering a forgery (in Winston County) but before she had pled guilty in either case. Stricklin also pled guilty to felony shoplifting, and on April 28, 2014, the court sentenced her to five years in MDOC custody, with three years suspended and three years of post-release supervision. This sentence was not ordered to run consecutively and so runs concurrently.

¶7. On June 4, 2014, Stricklin filed a pro se "Petition for Reconsideration" in the Oktibbeha County Circuit Court. Stricklin's petition was assigned a new civil case number. Her petition set forth no claim for post-conviction relief but instead sought reconsideration of her sentences in the three Oktibbeha County cases.

¶8. The court apparently construed Stricklin's petition as a motion for post-conviction relief (PCR) and therefore entered an order dismissing the petition without prejudice pursuant to Mississippi Code Annotated section 99-39-9(2) (Rev. 2015), which provides that PCR motions "shall be limited to the assertion of a claim for relief against one (1) judgment only." The court's order directed that if Stricklin desired to pursue PCR, she should file a separate written motion for each conviction she challenged.

---

[3] Miss. Code Ann. § 97-23-93 (Rev. 2014).

¶9. In response to the court's order, Stricklin filed separate petitions concerning her three convictions. As with her initial petition, her new petitions set forth no claim for PCR. Rather, Stricklin apologized to the court and asked for a "second chance."

¶10. The court subsequently entered separate orders denying each of Stricklin's petitions. Each order stated that the court was "without jurisdiction to amend any aspect of [Stricklin's] sentence at this time." Stricklin appealed the circuit court's orders.[4]

¶11. Consistent with her filings in the circuit court, Stricklin's appellate filings do not set forth any claim for PCR. Stricklin apologizes for not being "entirely truthful" or "honest" with the circuit court. She admits that "[t]he trial court did not commit any errors at all." She realizes that she "made the mistake by withholding information" and "would like to undo the error by admitting to already being on probation in Winston County." As in the circuit court, she asks this Court for "mercy" and a "second chance."

¶12. Because Stricklin's petitions and appeal set forth no basis for any sort of relief, we affirm. The circuit court construed Stricklin's initial petition as a PCR motion and dismissed it for noncompliance with Mississippi Code Annotated section 99-39-9(2). When the court reviewed Stricklin's subsequent petitions, it appears to have concluded that Stricklin's pro se filings were actually motions to reconsider her sentences rather than PCR motions. We agree with this interpretation of Stricklin's filings. Although such motions should have been docketed in the original criminal cases, the manner in which they were docketed is not

---

[4] Stricklin also filed a federal habeas petition, which she thought to be the proper procedure for challenging the circuit court's rulings. Her habeas petition was dismissed without prejudice for failure to exhaust her state court remedies. *Stricklin v. Mississippi*, No. 1:14CV162-SA-JMV, 2014 WL 7272644, at *3 (N.D. Miss. Dec. 18, 2014).

4

important because the circuit court correctly held that it lacked jurisdiction to amend or reconsider Stricklin's various sentences after the end of the terms of court in which those sentences were imposed. Subject to certain exceptions inapplicable here, a "judge may not alter or vacate a sentence once the term of court the defendant was sentenced in has ended." *Ducote v. State*, 970 So. 2d 1309, 1314 (¶10) (Miss. Ct. App. 2007).

¶13.    Moreover, even if Stricklin's petitions could be construed as PCR motions, she set forth no claim for relief and admits that "[t]he trial court did not commit any errors at all." Accordingly, even if the petitions had been treated as PCR motions, summary dismissal would have been appropriate. *See* Miss. Code Ann. § 99-39-11(2) (Rev. 2015) (circuit judge may dismiss a PCR motion sua sponte "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]").[5]

¶14.    **THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.**

    **LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

    [5] To be clear, we do not view Stricklin's petitions as PCR motions for purposes of Mississippi Code Annotated section 99-39-23(6) (Rev. 2015).