# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00225-COA

**JAMES EARNEST WATTS A/K/A SQUIRREL A/K/A JAMES WATTS**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/19/2018 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES EARNEST WATTS (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY:  BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/11/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND FAIR, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     James Earnest Watts appeals the judgment of the Marion County Circuit Court, denying his motion for modification of his sentence.[1]

FACTS

¶2.     On April 19, 1994, the grand jury of Marion County indicted Watts for killing Vanessa Nicole Lumpkin, a female child under the age of twelve years old, while in the

---

[1] In his motion, which was filed December 17, 2017, Watts sought modification of his sentence that had been handed down by an order dated June 4, 1999.  His motion was denied by an order dated January 19, 2018.  So as discussed later, the circuit court should have treated Watts's motion as a motion for post-conviction relief, but it did not.

commission of sexual battery in violation of Mississippi Code Annotated section 97-3-19(2)(e) (Supp. 2018). In August 1996, a jury convicted Watts of capital murder and decided that he should receive the death penalty. Watts appealed; the Mississippi Supreme Court affirmed his conviction but reversed his sentence on the basis that the trial court had not properly instructed the jury as to the three sentencing options in capital murder cases provided by Mississippi Code Annotated section 97-3-21(3) (Rev. 2014): death, life in prison without the eligibility for parole, or life in prison with the eligibility for parole. Rather, the jury was instructed only that it had two sentencing options: the death penalty or life in prison without the eligibility for parole.

¶3.     On June 4, 1999, Watts—represented by counsel—appeared before the trial court for resentencing. The State offered not to seek the death penalty if Watts would agree to waive his right to pursue a sentence before a jury of life with parole and accept a sentence of life without parole. After conferring with his counsel, Watts accepted the State's offer, and the trial court sentenced him to life without the eligibility for parole.

¶4.     On December 11, 2017, Watts, acting pro se, filed a motion to modify his sentence to life with the eligibility for parole, wherein he argued that Mississippi Code Annotated section 97-3-21 (Rev. 2014) permitted the trial court to impose a sentence of only imprisonment for life; thus, its imposition of a sentence of life without parole exceeded the statutory maximum. In support of his argument, Watts cited *King v. Epps*, No. 1:10CV7-A, 2013 WL 1291632, at *1 (N.D. Miss. Mar. 26, 2013), and *Bell v. State*, 160 So. 3d 188, 189 (¶1) (Miss. 2015), for the proposition that Mississippi Code Annotated section 99-19-107

2

(Rev. 2015) is inapplicable because the death penalty was rendered unconstitutional. The trial court denied Watts's motion and found that the holding in *King v. State*, 165 So. 3d 1289, 1289 (¶1) (Miss. 2015),[2] did not apply to Watts; the trial court did not address the holding in *Bell*. Watts now appeals. On remand, Watts and the State entered into a plea agreement wherein Watts agreed to be sentenced to life without the possibility of parole. Watts subsequently filed a motion to modify his sentence, arguing that the trial court had exceeded its authority with the sentence it imposed. The trial court denied Watts's motion and Watts has appealed. We find no error and, therefore, affirm.

## DISCUSSION

¶5.     "Our review of motions to reconsider a sentence is made under an abuse-of-discretion standard." *Ducote v. State*, 970 So. 2d 1309, 1312 (¶6) (Miss. Ct. App. 2007). However, as the State points out, this matter presents itself more so as a petition for post-conviction relief (PCR) because Watts argues that the trial court was without jurisdiction to impose his sentence, that his sentence exceeds the maximum authorized by law, and that his agreement to waive being sentenced by a jury was involuntary. All of these arguments are set forth as potential PCR claims under the Mississippi Uniform Post-Conviction Collateral Relief Act,

---

[2] The fact that the trial court cited *King v. State* rather than *King v. Epps* was proper. The defendant in both matters, King, filed numerous appeals and motions seeking relief from his conviction and sentence to death. One such motion was a petition for writ of habeas corpus with the United States District Court for the Northern District of Mississippi, wherein the court found that King was intellectually disabled and therefore ineligible for execution. *King v. Epps*, 2013 WL 1291632, at \*1. The district court vacated King's death sentence and gave the state courts an opportunity to impose a sentence less than death. *Id*. at \*1,\* 12. The Mississippi Supreme Court considered the matter in *King v. State*, 165 So. 3d at 1289, and vacated King's sentence and remanded to the trial court for King to be resentenced to life imprisonment.

3

Mississippi Code Annotated section 99-39-5 (Rev. 2015). "Regarding post-conviction relief appeals, this Court will not disturb the findings of the trial court unless they are found to be clearly erroneous." *Ducote*, 970 So. 2d at 1315 (¶14).

¶6.    Watts makes multiple arguments in his pro se brief on appeal, culminating in his contention that the trial court was without the discretion to sentence him to life without parole. First, Watts reiterates the argument he made in his motion for modification that his sentence should be modified in light of *King v. State*, 165 So. 3d at 1289. However, as the trial court properly provided in its order, the facts of *King* differ from the matter at hand because in *King*, the courts found the defendant ineligible for the death penalty due to intellectual disability. *Id*. and *King v. Epps*, 2013 WL 1291632, at *1. Watts has not proven intellectual disability, nor is he now facing a sentence of death following his resentencing in 1999. Accordingly, the holdings in *King v. State* and *King v. Epps* are not relevant to the matter at hand.

¶7.    Watts also reiterates his argument from his motion for modification, wherein he maintains that the trial court exceeded the statutory maximum in sentencing him to life imprisonment without the possibility of parole. In support of his contention, he cites both Mississippi Code Annotated section 47-7-3 (Supp. 2018) and section 97-3-21. Watts takes issue with the fact that, prior to July 1, 1994, section 97-3-21 provided two sentences for a defendant convicted of capital murder: death or life imprisonment with the possibility of parole. Effective July 1, 1994, the sentencing option of life without parole was added. Watts argues that he was improperly sentenced because his crime was committed prior to the 1994

4

amendment of section 97-3-21. However, as the State correctly points out, our supreme court held in *Twillie v. State*, 892 So. 2d 187, 190 (¶11) (Miss. 2004), that a defendant "can waive his ex post facto rights and knowingly enter into an agreement to be sentenced to life without parole in order to avoid the death penalty," even in instances such as in *Twillie* where the defendant committed the crime prior to the 1994 amendment of section 97-3-21 but the defendant was convicted and sentenced following the 1994 amendment. The record includes a sentencing order from Watts's resentencing to life without parole, wherein the trial court determined that Watts entered his plea voluntarily and intelligently. As such, this issue is without merit.

¶8.     We note that Watts also makes an argument regarding the issuance of a case plan by the Mississippi Department of Corrections. However, as this issue was never presented to the trial court, we are procedurally barred from reviewing it now.

¶9.     We find no error warranting reversal. Therefore, the trial court's denial of Watts's motion for sentence modification is **AFFIRMED.**

    **LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**