# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00457-COA

**TISHUNDA FOSTER**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                  **APPELLEE**

DATE OF JUDGMENT:                04/01/2020
TRIAL JUDGE:                     HON. PAUL S. FUNDERBURK
COURT FROM WHICH APPEALED:       LEE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          TISHUNDA FOSTER (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: MICHAEL DEWAYNE WILSON SR.
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 05/04/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD, McCARTY AND EMFINGER, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     The petitioner in this appeal asks us to reduce or modify the sentence she received after pleading guilty.  Because the request came after the term of court in which the guilty plea was entered and more than one year from the date she entered into the custody of the Mississippi Department of Corrections, we affirm.

## BACKGROUND

¶2.     The facts and procedural posture of this case are not in dispute.  On August 23, 2017, Tishunda Foster plead guilty to possession of the controlled substance methamphetamine with the intent to sell, transfer, or distribute.  The trial court sentenced her to a term of thirty

years in the custody of the Mississippi Department of Corrections. On the same day, the petitioner also plead guilty to a second charge for possession of methamphetamine with the intent to sell, transfer, or distribute. The trial court sentenced her to twenty years of incarceration, to run consecutively to the above sentence, but suspended the imposition of the second sentence subject to five years of post-release supervision.

¶3. The following year, on October 5, 2018, Foster petitioned the trial court for "Parole Consideration, Reconsideration of Sentencing and/or Early Release." The trial court noted that the Mississippi Department of Corrections had set Foster's date for parole eligibility as September 24, 2024. The trial court denied the request, finding that it did not have the authority to alter the date of parole and that the request to modify the sentence was untimely pursuant to state law. Foster did not appeal this ruling.

¶4. On January 2, 2020, Foster again sought for the trial court "to reduce or modify [the] sentence imposed" by her 2017 guilty plea. She supported her petition with several letters from family members and a pastor, plus certificates she earned while incarcerated which honored her completion of alcohol and drug treatment and other programs. Just as in its prior order, the trial court denied the motion, finding that it was filed beyond the time provided by state law. Foster appealed.

## DISCUSSION

¶5. "Our review of motions to reconsider a sentence is made under an abuse-of-discretion standard." *Ducote v. State*, 970 So. 2d 1309, 1312 (¶6) (Miss. Ct. App. 2007). "Sentencing is generally within the trial court's discretion and will not be disturbed on appeal if the

2

sentence is within the statute's terms." *Id*.

¶6. "Longstanding authority holds once a case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment, in the absence of a statute authorizing modification of a sentence." *Id*. at 1313 (¶7) (cleaned up). Under state law, and subject to certain exceptions, the circuit court may also sua sponte "suspend the further execution of the sentence and place the defendant on earned probation" so long as this decision is "not earlier than thirty (30) days nor later than one (1) year after the defendant has been delivered to the custody" of the Mississippi Department of Corrections. Miss. Code Ann. § 47-7-47(2)(a) (Rev. 2015).

¶7. In *Ducote*, a prisoner sought relief from the sentence he received after a guilty plea. 970 So. 2d at 1311 (¶1). However, the motion to reconsider his sentence was filed after the term of court had ended, so the trial court denied it in part as untimely. *Id*. at 1311-12 (¶3). We affirmed, concluding that "[t]he circuit court does not have jurisdiction to hear a motion regarding sentencing unless it is made within the term of court, the motion is pending at the end of the term under section 11-1-16, or the trial court retains jurisdiction pursuant to section 47-7-47." *Id*. at 1313 (¶8); *see also Owens v. State*, 17 So. 3d 628, 633 (¶10) (Miss. Ct. App. 2009) (affirming when a "motion for reconsideration was filed untimely, as the term of court had already expired").

¶8. This case presents a similar situation as addressed in *Ducote*. Foster sought a reduction or modification of her sentence after the term of court had ended. She plead guilty on August 23, 2017, but the motion to reduce or modify her sentence was not filed until

3

January 2, 2020. This was after the term of court had ended and well after the statutory maximum time limit of one year in which a trial court may "suspend the further execution of the sentence and place the defendant on earned probation" pursuant to section 47-7-47(2)(a). Under our standard of review, the trial court did not abuse its discretion in denying Foster's request to reduce or modify her sentence.

¶9.     To the extent Foster asks for parole eligibility, this relief is beyond the authority of the court system to grant. For "it is the Parole Board, not the courts, that has exclusive authority over the grant or denial of parole." *Smith v. State*, No. 2018-CP-00814-COA, 2019 WL 3297052, at *1 (¶6) (Miss. Ct. App. July 23, 2019), *reh'g denied* (Oct. 29, 2019), *cert. denied*, 289 So. 3d 310 (Miss. 2020). Even if she were currently eligible for parole, "[e]ligibility for parole does not require the grant of parole . . . [as] an inmate is not guaranteed parole, even when eligible." *Id*. at *2 (¶9).

¶10.     Accordingly, the trial court's order denying relief is **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**